IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT M. CORNWELL,
    Petitioner,

    v.

DELBERT SAUERS,
    Respondent.

Civil Action No. 3:13-CV-2294

(Judge Mariani)

## MEMORANDUM

On September 3, 2013, Robert Cornwell ("Petitioner"), an inmate currently incarcerated at the Allenwood Low Security Correctional Institute in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 2009 guilty plea conviction on child pornography charges in the United States District Court for the Northern District of New York. (Doc. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Judge Martin C. Carlson reviewed the petition. See Rules 1(b), 4, Rules Governing Section 2254 Cases; *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (Nealon, J.) (applying the Rules Governing Section 2254 Cases to a Section 2241 petition under Rule 1(b)). On March 26, 2014, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") recommending that the habeas petition be denied for lack of jurisdiction. (Doc. 9). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

### Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the

district court is not statutorily required to review the report under *de novo* or any other standard. *Thomas v. Arn*, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied*, 484 U.S. 837 (1987); *Garcia v. I.N.S.*, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. *Cruz v. Chater*, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

## Background

On September 30, 2008, Petitioner pled guilty to Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). (Doc. 7, Ex. 1). On January 29, 2009, Petitioner was sentenced to one-hundred eighty (180) months imprisonment, followed by twenty-five (25) years supervised release. (Doc. 7, Ex. 1). Petitioner challenges his guilty plea conviction, arguing actual innocence and that certain federal jurisdictional requirements were not proved in his plea colloquy. (Doc. 1, pp. 6, 10-13).

Petitioner previously filed a motion with the sentencing court pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. (Doc. 7, Ex. 2). By Order dated January 3, 2012, the sentencing court denied his motion and dismissed the petition. (Doc. 7, Ex. 3). Petitioner did not appeal. He filed the instant habeas petition on September 3, 2013. (Doc. 1). Petitioner challenges "[t]he validity of his conviction or sentence." (Doc. 1). He states that the sentencing court lacked jurisdiction for his prosecution "in that there was no proof that the pictures of child pornography that he produced traveled, or were intended to travel, in interstate commerce", and that his plea agreement was improper. (Doc. 1, p. 4).

## Discussion

In the absence of objections, this Court has reviewed the R&R for plain error and, finding none, will adopt the Magistrate Judge's recommendation.

The Magistrate Judge rightly decides that this matter is not properly brought as a habeas petition under 28 U.S.C. § 2241. (Doc. 9, p. 2). He recommends that the petition be denied for lack of jurisdiction, but without prejudice, and with instructions that Petitioner should pursue any relief in this matter under 28 U.S.C. § 2255 through a motion to the Court of Appeals for leave to file a second or successive motion to correct his sentence. (Doc. 9, pp. 2, 9).

Magistrate Judge Carlson notes that § 2255 motions are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation

of the Constitution or federal laws, or that is otherwise subject to collateral attack. (Doc. 9, p. 4) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). Magistrate Judge Carlson explains that there is a narrow exception to this general rule, which does not apply to the instant matter. (Doc. 9, p. 5). The exception provides that relief may be pursued under 28 U.S.C. § 2241 where the remedy available under § 2255 is inadequate or ineffective to test the legality of the detention. (Doc. 9, p. 5) (citing 28 U.S.C. § 2255(e); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000)). "The inadequacy or ineffectiveness must be 'a limitation of scope or procedure...prevent[ing] a § 2255 proceeding from affording...a full hearing and adjudication of [a] wrongful detention claim.'" (Doc. 9, p. 5) (quoting *O'Kereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). Section "'2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.'" (Doc. 9, p. 5) (quoting *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002)). If a petitioner improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. (Doc. 9, pp. 5-6) (citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971)).

Petitioner acknowledges that he previously filed an unsuccessful § 2255 petition with the sentencing court. (Doc. 1). He states that § 2255 is inadequate or ineffective because it was prohibited in his plea agreement, which contained a waiver of appeal and waiver of

4

collateral attack. (Doc. 1, pp. 5, 14-15). The sentencing court denied his petition finding it was filed past the one (1) year statute of limitations, he was barred from collaterally attacking his conviction by the plea agreement, he was procedurally barred from attacking his conviction, and there was no substantive merit to the petition. (Doc. 7, Ex. 3). As the Magistrate Judge states, Petitioner has not demonstrated that § 2255 is inadequate or ineffective, and § 2255 is not inadequate or ineffective merely because the sentencing court previously denied him relief. (Doc. 9, pp. 8-9).

Additionally, § 2255 "may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion." *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997)). However, as Magistrate Judge Carlson states, Petitioner does not meet this exception as he has not argued that the production of visual images of the sexual exploitation of children is a matter which an intervening change in substantive law has made no longer criminal. (Doc. 9, pp. 6-7). The Magistrate Judge states that Petitioner's § 2241 petition "seems explicitly premised on a notion of judge-shopping, a desire to litigate sentencing claims in a different forum", and must be denied. (Doc. 9, p. 7).

The Magistrate Judge notes that Petitioner is challenging the sufficiency of the evidence on jurisdictional elements of his offense, which may require fact-finding by the

sentencing judge. (Doc. 9, p. 8) (citing *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009)). Thus, Petitioner should pursue his claims through a motion under § 2255, if he so chooses. The Magistrate Judge cautions Petitioner that, "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." (Doc. 9, p. 7) (citing Rule 9, Rules Governing Section 2255 Cases, and 28 U.S.C. §§ 2244(b)(3), 2255(h)).

After review, this Court agrees with the Magistrate Judge's conclusion that this Court lacks jurisdiction to consider the petition.

**Conclusion**

In the absence of objections, this Court has reviewed the R&R and finds that it does not contain plain error. The petition for writ of habeas corpus will be denied for lack of jurisdiction. However, the denial will be without prejudice to Petitioner's right to take any action before the Court of Appeals that he deems appropriate under 28 U.S.C. § 2255 to preserve and present this issue in a second or successive motion to correct his sentence.

A separate Order will be issued.

Date: May 13, 2014

Robert D. Mariani
United States District Judge